*First Judicial District.*

# In the Court of Common Pleas of Philadelphia.

## FRICK & SNYDER *v.* GLADDINGS, OWNER, AND FRANK-LIN CASSELL, CONTRACTOR.

A mechanics' lien can not be stricken off by petition based on questions of fact not arising upon the record.

**Mechanics' lien claims.**

Opinion delivered September 29, 1873, by

FINLETTER, J. The defendants filed their petition praying the court to strike off the liens.

The petitioners aver that they entered into a contract in writing with Franklin Cassell for the erection of three houses for a specific sum. That agreeably to the act of assembly the said contract was acknowledged before a proper officer of this commonwealth, authorized by the laws thereof to take acknowledgments of deeds, and duly recorded within fifteen days after the execution thereof.

The act of April, 1872, is as follows: " That when any building or buildings shall be erected in whole or in part by contract in writing, such building or buildings, and the land or lands whereon it or they stand, shall be liable to the contractor alone for work done or materials furnished."

It is not contended that the liens are defective in form or substance. It is, however, argued, that no right to lien existed under the circumstances in any one but the contractor, Cassell; that the plaintiffs' claims are, therfore, irregular and void, and should be stricken off.

It is too well established to require citation of authorities that upon petition or demurrer the court may strike from the record mechanics' liens which are defective. The questions which are raised in such cases are questions of law, and properly triable by the court and not by the jury.

The cases which establish this principle indicate that no question of fact can be determined by the court, and therefore cannot be determined upon petition or demurrer.

Whether the defendants contracted with Cassell in writing, and whether the contract was duly executed and recorded, and other matters, are questions of fact not arising upon the record, which the court cannot determine, and which the plaintiffs have a right to have determined as all facts are, by a jury.

In Lee *v.* Burk, 16 P. F. S. 336, Justice Sharswood has carefully elaborated and discussed this whole subject in the light of all the authorities. He says: " The plaintiffs had a right to accept the issue rendered of ' no lien,' as an issue of fact, because it might well be that for some cause *dehors* the record there was no lien ; as that the claim had not been in fact filed within six months after the work done or materials furnished. That the work was not done or the materials furnished upon the credit of the

building; that the plaintiffs had bound themselves to file no lien; or that the building was not such a one as was within the acts of assembly; and there may be other defences coming under the same category."

Rule discharged.